# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | § CRIMINAL NO. 4:20-CR-18-ALM-CAN |
| | § |
| MIGUEL ANGEL CERDA-RODRIGUEZ | § |
| | § |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the Government's request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on July 6, 2020, to determine whether Defendant violated her supervised release. Defendant was represented by Michelle Allen McCoy. The Government was represented by Andrew Stover.

On December 1, 2015, Defendant was sentenced by the Honorable Richard L. Voorhees, United States District Judge, to a sentence of forty-six (46) month imprisonment followed by a five (5) year term of supervised release. Defendant's supervision commenced on December 21, 2017.

On February 24, 2020, the U.S. Probation Officer filed a Petition for Warrant or Summons for Offender under Supervision (the "Petition") (Dkt. 2). The Petition asserts that Defendant violated the following conditions of supervision: (1) Defendant shall not commit another federal, state, or local crime; (2) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as duly prescribed by a licensed physician; (3) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to

1

such substances, except as duly prescribed by a licensed physician; and (4) Defendant shall participate in a program of testing and treatment or both for substance abuse if directed to do so by the probation officer, until such time as Defendant is released from the program by the probation officer; provided, however, that Defendant shall submit to a drug test within fifteen (15) days of release on probation or respectively; Defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or monitoring which is (are) required as a condition of supervision.

The Petition asserts that Defendant violated these conditions because: (1) on December 24, 2019, Defendant was arrested for the offenses of Possession Controlled Substance Pg 1>=1g<4g and Possession Controlled Substance Pg 1<1g by the Corinth, Texas, Police Department; Defendant was released on a $5,000 and $2,500 bond; (2) According to the offense report, a Corinth, Texas police officer observed a vehicle parked at a gasoline pump at a QuikTrip gasoline station; it appeared the driver of the vehicle was avoiding leaving; a records check revealed the vehicle registration was expired and it was associated with numerous law enforcement encounters; further checks revealed the vehicle was associated with Defendant and his identification card was not eligible and had two (2) current suspensions; as the vehicle began to pull away, the officer noticed the vehicle had the wrong color front turn signal lamps and did not have a front license plate; also, the vehicle had dark plastic "smoke" lenses covering the rear taillamps; due to these violations, the officer pulled him over; upon contacting him, Defendant told the officer he had lost his driver's license; he did tell the officer about his status on supervision and the reason he was on supervised release; he also positively identified himself; the officer observed he had eye lid tremors (which is caused by illegal narcotics, specifically marijuana or methamphetamine.); additional officers were called to assist with the stop; upon searching his vehicle, officers found

two butane torches and clear white crystals on the right front passenger seat; at this time, he was detained; two more clear plastic bags were in Defendant's right front watch pocket; field tests revealed one bag contained methamphetamine and the other contained heroin; in addition to the arrest, he was given citations for the following: Display Wrong Color Signal Devices; Wrong Color/No Rear Reflectors; No Front License Plate; and Driving While License Invalid and Expired Motor Vehicle Registration; (3) Defendant submitted urine specimens which tested positive for methamphetamine on January 6, 2020; he provided a verbal admission of drug use and it was also confirmed by Alere Toxicology; during an office visit on February 14, 2019, he submitted another positive urine specimen for methamphetamine and provided a written admission of said use; additionally, he submitted a positive urine specimen for methamphetamine on February 19, 2020; he provided a verbal admission of drug use and the specimen was forwarded to the national lab for confirmation; and (4) Defendant failed to submit random urine specimens at Addiction Recovery Center, in Lewisville, Texas on January 9, January 15, February 5, and February 18, 2020, as instructed and as part of the U.S. Probation Office's random drug testing program.

At the hearing, Defendant entered a plea of true to a violation of allegations 1, 2, 3, and 4. Defendant waived his right to allocute before the district judge and his right to object to the report and recommendation of this Court. The Court finds that Defendant has violated the terms of his supervised release, and thus, his supervised release should be revoked.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, and having considered the arguments presented at the July 6, 2020, hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twelve (12) months with no additional term of supervised release to follow. This term of imprisonment is to be served

consecutively to any other sentence defendant is currently serving. The Court recommends that Defendant be placed in the Federal Facility in Seagoville, if appropriate.

**So ORDERED and SIGNED this 8th day of July, 2020.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE